UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RONALD CRENSHAW,  
    Plaintiff

vs

CITY OF CINCINNATI  
POLICE DEPARTMENT, et al.,  
    Defendants

Case No. 1:08-cv-315

(Dlott, J.; Hogan, M.J.)

**ORDER**

    Plaintiff, a resident of Cincinnati, Ohio, brings this action against the City of Cincinnati Police Department and Officer Kugloren.  By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

    In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490

U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii).  Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and  provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

Plaintiff submits two documents for the Court's review:  a "complaint" and a "writ of habeas corpus and injunctive relief."

Plaintiff's complaint alleges that on April 19, 2008, while performing repairs on his disabled automobile, plaintiff was approached by Officer Kugloren.  Officer Kugloren conducted field sobriety and Breathalyzer tests on plaintiff.  Plaintiff alleges that he passed both tests.  Nevertheless, Officer Kugloren "refused to discontinue his effort to establish plaintiff was intoxicated."  Plaintiff was arrested for operating a vehicle while intoxicated and issued a traffic ticket for a stopped vehicle on a roadway.  Plaintiff alleges there is insufficient evidence to sustain the charges.  As relief, he seeks $4 million.

Plaintiff's petition for a "writ of habeas corpus and injunctive relief" alleges he has had numerous clashes with the Cincinnati Police Department involving "questionable" traffic stops. He attaches a statement of an incident occurring in February 2007 which was the subject of a previous lawsuit filed by plaintiff in this Court.[1]  Plaintiff alleges that in the most recent incident outlined in his complaint the arresting officer "lied" in his report.  Plaintiff states he was assigned a public defender to represent him in his criminal case, but his lawyer refused to file a motion to dismiss on his behalf.  His request for a new public defender was denied.  Plaintiff requests the Court to "issue the writ of habeas corpus and/or injunctive relief that will stop this unlawful prosecution and allow movant/appellant fair and impartial legal counsel."

The complaint against the City of Cincinnati Police Department must be dismissed. Plaintiff's complaint against defendant City of Cincinnati Police Department is in reality an official capacity suit against the City of Cincinnati, the entity of which defendant is an agent. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978).  *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Plaintiff's complaint fails to state a claim for relief under § 1983 against the City of Cincinnati because municipalities and counties are not vicariously liable for the actions of their employees under § 1983.  "It is firmly established that a municipality . . . cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000), citing *Monell*, 436 U.S. at 694.  To state a claim for relief against the City of Cincinnati for his injuries, plaintiff must allege that "those injuries were the result of an unconstitutional policy or custom of the [City of Cincinnati]." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  *See*

---

[1] That case, *Crenshaw v. City of Cincinnati*, Case No. 1:07-cv-525 (S.D. Ohio July 17, 2007), was dismissed *sua sponte* for failure to state a claim upon which relief may be granted.

*Monell*, 436 U.S. at 694; *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). *See also Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Plaintiff's complaint fails to allege any facts showing that the City of Cincinnati Police Department acted pursuant to a policy or custom of the City of Cincinnati in allegedly violating his civil rights. Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted against defendant City of Cincinnati Police Department.

The complaint against Officer Kugloren must also be dismissed. Because plaintiff is challenging the sufficiency of the evidence supporting the criminal charges against him, thereby implicating the validity of any future convictions, his claims are not yet cognizable under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held that a § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. When an inmate's successful § 1983 damages action would necessarily imply that his sentence or conviction was invalid, the complaint must be dismissed unless the inmate can demonstrate that his conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into question by the issuance of a writ of habeas corpus. *Id.*

The rule in *Heck* has been extended to §1983 claims relating to pending pre-trial charges

when a judgment in favor of the state court defendant would necessarily imply the invalidity of any conviction or sentence that might result from prosecution on the pending charges. Such claims arise at the time the charges are dismissed. *See Shamaeizadeh v. Cunigan*, 182 F.3d 391 (6th Cir.), *cert. denied*, 528 U.S. 1021 (1999). *See also Covington v. City of New York*, 171 F.3d 117, 124 (2d Cir.), *cert denied*, 528 U.S. 946 (1999); *Smith v. Holtz,* 87 F.3d 108, 113 (3d Cir.), *cert. denied*, 519 U.S. 1041 (1996). Thus, to establish a § 1983 claim where criminal charges are pending, as here, plaintiff must "show that a decision in his favor would not imply the invalidity of a future conviction." 182 F.3d at 398. *See also Schilling v. White*, 58 F.3d 1081 (6th Cir. 1995).

Because plaintiff's sufficiency of the evidence claim, if successful, would necessarily imply the invalidity of a conviction on the pending criminal charges, his claim is not cognizable under § 1983 and must be dismissed. *See Shamaeizadeh*, 182 F.3d at 398; *see also Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999).

In addition, plaintiff's federal court complaint must be dismissed because this Court is precluded from adjudicating plaintiff's claims under the abstention doctrine formulated in *Younger v. Harris,* 401 U.S. 37 (1971). Absent extraordinary circumstances, federal courts may not interfere with pending state criminal proceedings in order to entertain constitutional challenges to the state proceedings. *Id*. Under *Younger*, the federal court must abstain where "[1] state proceedings are pending; [2] the state proceedings involve an important state interest; and [3] the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir. 1995), citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989). *See also Pennzoil Co. v.*

*Texaco, Inc.*, 481 U.S. 1, 11 (1987); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 603-05 (1975). Extraordinary circumstances barring abstention include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger,* 401 U.S. at 46, 53, 54. *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

All three factors supporting *Younger* abstention are present in this case. First, plaintiff's criminal case is currently pending in the state court.[2] Second, the criminal case implicates an important state interest as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere. *See Younger*, 401 U.S. at 43-45. Third, there is no evidence that the state criminal proceedings cannot provide an opportunity for plaintiff to raise his sufficiency of the evidence or constitutional right to counsel claims. Regarding this factor, the federal court must presume that the state courts are able to protect the interests of a federal plaintiff. *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995), citing *Pennzoil Co.*, 481 U.S. at 15. Therefore, abstention under *Younger* is appropriate.

Nor has plaintiff alleged facts showing the existence of extraordinary circumstances barring abstention. Plaintiff presents no facts or evidence showing the actions in the criminal case are motivated by bad faith or an intent to harass plaintiff. Plaintiff's conclusory allegation of an "unlawful prosecution" fails to establish the presence of extraordinary circumstances mitigating against the application of *Younger* abstention.

---

[2]*See City of Cincinnati v. Ronald Crenshaw*, Case No. 08TRC20543 (Hamilton County, Ohio Municipal Court). Federal courts may take judicial notice of proceedings in other courts of record. *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980)(quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969), *cert. denied*, 397 U.S. 1065 (1970)).

Finally, to the extent plaintiff seeks the issuance of a writ of habeas corpus, he has failed to allege any facts showing he is entitled to a writ of habeas corpus at this juncture. By his own admission, petitioner's application for a writ of habeas corpus was filed in this Court prior to any conviction on the charges against him. Thus, the Court will construe his pleading as a petition brought pursuant to 28 U.S.C. § 2241.

Title 28 U.S.C. § 2241 establishes jurisdiction to consider pretrial petitions by persons in custody regardless of whether a final judgment has been rendered. *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir.), *cert. denied*, 452 U.S. 964 (1981); *see also Fisher v. Rose,* 757 F.2d 789, 792 n.2 (6th Cir. 1985); *Delk v. Atkinson,* 665 F.2d 90, 93 (6th Cir. 1981). Nevertheless, plaintiff must exhaust all available state court remedies before bringing an action under the habeas corpus statutes. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 490 (1973); *Atkins,* 644 F.2d at 546. The exhaustion doctrine applies in this context to protect the state courts' opportunity to initially resolve constitutional issues arising within their jurisdictions and to preserve the "orderly administration of state judicial business" by limiting early federal interference in state criminal proceedings. *Braden,* 410 U.S. at 490; *Atkins,* 644 F.2d at 546. In the pretrial context, such as the instant case, federal courts should abstain from the exercise of jurisdiction under § 2241 if the issues raised by plaintiff "may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner [plaintiff]." *Atkins*, 644 F.2d at 546.

Here, a trial on the merits may resolve plaintiff's claim of insufficient evidence to sustain the charges against him. Plaintiff has neither alleged nor shown he has exhausted his state court remedies with respect to the criminal charges. Therefore, this Court should abstain from

7

exercising habeas corpus jurisdiction.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal for failure to state a claim for relief under 42 U.S.C. § 1983.[3] Plaintiff's petition for a "writ of habeas and injunctive relief" is dismissed for his failure to exhaust his state court remedies.

The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

                                              S/Susan J. Dlott
                                              Susan J. Dlott, Judge
                                              United States District Court

---

[3] To the extent the complaint may be construed as alleging state law claims, such claims are dismissed without prejudice to refiling in state court.